IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARINELLO ALESSANDRO-ROBERTO, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | Civil Action No. 3:23-CV-0130-D |
| EXPERIAN INFORMATION SOLUTIONS INC., et al., | § § § § | |
| Defendants. | § § | |

MEMORANDUM OPINION
AND ORDER

*Pro se* plaintiff Marinello Alessandro-Roberto ("Alessandro") sues defendants Experian Information Solutions, Inc. ("Experian"), CT Corporation System ("CT Corporation"),[1] and Jennifer Schulz ("Schulz"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Alessandro moves to change venue, for summary judgment, and to grant relief and enter default related to his summary judgment motion. Experian and Schulz move under Fed. R. Civ. P. 12(c) for judgment on the

---

[1] It appears from the docket that defendant CT Corporation ("CT") still has not been served with summons, as required by Fed. R. Civ. P. 4(m). On May 31, 2023 the court ordered that, no later than June 21, 2023, Alessandro demonstrate good cause, in accordance with Rules 4(m) and 6(b), for failing to effect service on CT. Alessandro has not complied with that order. To ensure that any resulting dismissal of CT as a defendant is fair to Alessandro, the court is today giving him one more opportunity to comply with Rule 4(m) before it dismisses CT.

pleadings and request a conference with the court.[2]  For the reasons that follow, the court

denies Alessandro's motions, grants the Rule 12(c) motion of Experian and Schulz, denies

as moot their request for a conference, and permits Alessandro to replead.

I

Alessandro filed this action on January 18, 2023.   In his amended complaint

("complaint"), which is the operative pleading,[3] he alleges violations of various provisions

of the FCRA and seeks damages under 15 U.S.C. § 1681n(b) for "willful noncompliance"

and for emotional distress.  Compl. (ECF No. 15) at 2.  Liberally construed,[4] the complaint

appears to attempt to plead claims for violations of the FCRA based on allegations that

Alessandro did not provide express, written consent for Experian to report inquiries, charged-

---

[2]In a July 20, 2023 letter to the court which has been docketed as a motion for hearing, Experian and Schulz request a conference among the parties concerning various filings and seek guidance from the court on its interpretation and treatment of ECF Nos. 30 and 36 and potential future filings.

[3]As an exhibit to his motion for summary judgment or change of venue & equitable relief/settlement offer, Alessandro has attached a document entitled "amendment of pleading" that states that he would like the court "to update the complaint that [he has] attached to this notice on and for the record."  P. Mot. (ECF No. 40) at Ex. 3.  But Alessandro has not obtained written consent or leave to amend his pleadings, so the court will not consider the amended complaint attached to his motion. Because the time for amending pleadings under Rule15(a)(1) has passed, Alessandro can only amend his pleadings with the opposing party's written consent or the court's leave.  *See* Rule 15(a)(2).

[4]The court must liberally construe the allegations of a *pro se* complaint.  *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (internal citation omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019); *Simmons v. Jackson*, 2016 WL 2646738, at *2 (N.D. Tex. May 10, 2016) (Fitzwater, J.).

off, late payments, or collection accounts and that Experian failed to remove disputed accounts pending a full and complete investigation; reported "excluded" information on Alessandro's credit report, including information that was "too old or irrelevant to be included," *id.* at 3; reported late payments; failed to correct or delete information on Alessandro's credit report that was inaccurate or incomplete; failed to follow reasonable procedures to ensure maximum possible accuracy of the information contained in a credit report; and did not examine documents, contact him by phone or email, or "exercise any form of human discretion in resolving the disputes," despite Alessandro's numerous attempts to resolve and correct his consumer file, *id.*

On June 30, 2023 the court entered a trial setting order that set the case for trial on the two-week docket of September 23, 2024.  Less than a month later, Alessandro filed a motion to change venue, seeking to transfer the case to the United States District Court for the Eastern District of Michigan.  He also filed, on July 26, 2023, a document entitled "motion for request for summary judgment or change venue & equitable relief/settlement offer."  ECF No. 40 at 1.  On August 9, 2023 Experian filed its opposition to Alessandro's motion to change venue.  Together with Schulz, Experian also moves under Rule 12(c) for judgment on the pleadings.  Alessandro has not responded to the Rule 12(c) motion, and it is ripe for determination.

The court is considering all of the pending matters on the papers, without oral argument.

- 3 -

II

The court turns first to Alessandro's motion to change venue. Because it is unclear whether Alessandro is seeking to transfer venue under 28 U.S.C. § 1406(a) or instead to change venue under 28 U.S.C. § 1404(a), the court will address both statutes.

A

When a case is filed in the "wrong division or district," district courts are instructed under 28 U.S.C. § 1406(a) either to dismiss or, "if it be in the interest of justice," to transfer to a district where venue is proper. Section 1406(b) adds that "[n]othing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue." Like personal jurisdiction, venue is designed "to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183-84 (1979); *see also In re Volkswagen of Am., Inc.*, 545 F.3d 304, 313 (5th Cir. 2008) (en banc). Therefore, a "plaintiff, by bringing the suit in a district other than that authorized by [28 U.S.C. § 1391], relinquishe[s] his right to object to the venue." *Olberding v. Ill. Cent. Ry. Co.*, 346 U.S. 338, 340 (1953). "Where defendants waive their objection to venue . . . 28 U.S.C. § 1406(a) affords plaintiffs no relief." *Utterback v. Trustmark Nat'l Bank*, 716 Fed. Appx. 241, 244 (5th Cir. 2017) (per curiam).

Experian and Schulz— the defendants who have appeared in this case—have not objected to venue. *See* Ds. Br. (ECF No. 42) at 2 ("Neither Experian nor Schulz have objected to venue in this matter."). And it was Alessandro who chose this court by filing this

- 4 -

lawsuit here.  *See, e.g.*, *Duke v. Flying J, Inc.*, 178 F.Supp.3d 918, 921 (N.D. Cal. 2016) ("[B]y choosing a particular forum to commence the action, a plaintiff is generally considered to have waived objections to proceeding in that forum." (citing *Olberding*, 346 U.S. at 340)).  He has provided no reason to depart from the general rule that a plaintiff relinquishes his right to object to venue by bringing a suit in a district other than that authorized by the venue statute.[5]  Accordingly, the court denies Alessandro's motion to the extent he seeks a transfer under 28 U.S.C. § 1406(a).

B

The court also denies Alessandro's motion to change venue to the extent that he seeks a transfer pursuant to 28 U.S.C. § 1404(a).

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  "The decision to transfer is made to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against

---

[5]Alessandro argues that

> venue is improper in this district pursuant to 28 U.S.C. [§] 1391 generally whereby the real property and a substantial part of the events and claims, the subject of the suit, are situated in Michigan, including unlawful communications of Defendants' defiance to seek judicial guidance are in the district of Michigan, and Defendants' business practices are within the forum state of Michigan.

P. Mot. (ECF No. 40) at 4.

unnecessary inconvenience and expense." *Bank One, N.A. v. Euro-Alamo Invs., Inc.*, 211 F.Supp.2d 808, 811 (N.D. Tex. 2002) (Fitzwater, J.) (citing *Stabler v. N.Y. Times Co.*, 569 F. Supp. 1131, 1137 (S.D. Tex. 1983)). "The court cannot transfer a case where the result is merely to shift the inconvenience of the venue from one party to the other." *Sivertson v. Clinton*, 2011 WL 4100958, at *3 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.) (citing *Fowler v. Broussard*, 2001 WL 184237, at *6 (N.D. Tex. Jan. 22, 2001) (Fitzwater, J.)).

The court must decide as a preliminary question "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam). Once the court resolves this issue, it must in deciding whether to transfer the case evaluate "a number of private and public interest factors, none of which are given dispositive weight." *Id.* (*citing Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)).[6]  The party seeking transfer must establish "good cause" for transferring the case, meaning that, "in order to

---

[6]

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or] the application of foreign law.

*In re Volkswagen AG*, 371 F.3d at 203 (internal citations omitted).

support its claim for a transfer, [he] must satisfy the statutory requirements and clearly

demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest

of justice.'" *In re Volkswagen of Am., Inc.*, 545 F.3d at 315 (final brackets in original)

(quoting § 1404(a)).

The moving party bears "the burden of proving by a preponderance of the evidence

that transfer is appropriate." *Bank One, N.A.*, 211 F.Supp.2d at 812 (citing *Time, Inc. v.

Manning*, 366 F.2d 690, 698 (5th Cir. 1966)). "This requires a particularized showing

regarding why transfer is necessary, including identification of key witnesses and the general

content of their testimony." *Id.* (citing *Young v. Armstrong World Indus., Inc.*, 601 F. Supp.

399, 401-02 (N.D. Tex. 1984) (Sanders, J.). Alessandro has not met this burden. He argues,

in conclusory fashion, and without citing any specific facts, details, or evidence:

> 1.) This action is pending in the United States District Court
> Northern District of Texas. (The Old District)
> 2.) Plaintiff is a citizen of the United States.
> 3.) Defendant is a citizen of the state of Michigan.
> 4.) The events giving rise to this action occurred in the State of
> Michigan.
> 5.) The Old District is not the most convenient forum for this
> action.
> 6.) The witnesses to the events giving rise to this action are
> located in the State of Michigan. (New District)
> 7.) The evidence relevant to this action is located in the State of
> Michigan.
> 8.) Plaintiff will suffer prejudice if this action is not transferred
> to the New District.

P. Br. (ECF No. 39) at 2-3. Alessandro does not identify any particular witness or evidence

that is located in Michigan. Nor does he explain why the Northern District of Texas—where,

- 7 -

apparently, Experian's Rule 30(b)(6) witnesses are located, *see* Ds. Br. (ECF No. 42) at 4—is clearly less convenient or why he will be prejudiced if the court does not transfer this case.[7]

Accordingly, because Alessandro has not met his burden of proving by a preponderance of the evidence that transfer is appropriate under § 1404(a), the court denies his motion to the extent he seeks a transfer under 28 U.S.C. § 1404(a).

### III

The court next considers the motion of Experian and Schulz for judgment on the pleadings under Rule 12(c), to which Alessandro has not responded.

### A

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard for deciding

---

[7]In his motion for summary judgment, Alessandro argues that he

> came to this court expecting the court to rule in my favor due to the countless federal laws Experian has broken, but I know now that the venue is incorrect. Also, I cannot wait over a year for justice. Like I have expressed many times my family and I are desperately in need of relief and setting a court date a year and a half away does not help my situation. The Courts have a Fiduciary Obligation to act in the Plaintiff's best interest and granting my motion to change venue to the proper court would be acting in my best interest.

P. Br. (ECF No. 40) at 10. But Alessandro's desire to obtain an earlier trial date is an insufficient ground to support transferring this case to the Eastern District of Michigan. And in any event, the latest data for the Eastern District of Michigan (for the 12 months ending June 30, 2023) reflect that the median time from filing to trial in a civil case is 48.7 months—in other words, more than four years compared to the time to trial for this case.

a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) ("A number of courts have held that the standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion." (citation omitted) (internal quotation marks omitted)).

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [plaintiff's] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (some internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).  To survive a motion to dismiss, Alessandro must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration

omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. at 678 (citation omitted).

B

Defendants move for judgment on the pleadings with respect to Alessandro's claims against Schulz on the ground that Alessandro has not pleaded any facts that demonstrate that Schulz, the Chief Executive Officer of Experian North America, was personally involved in any alleged wrongdoing.

The court agrees that Alessandro has not plausibly alleged a claim under the FCRA against Schulz.  Aside from listing her as a defendant, Alessandro alleges no facts that would support the plausible inference that she was, in any way, involved with the alleged FCRA violations in this case.  *See, e.g.*, *Loyola De Rios v. First Premier Bank*, 2011 WL 13324079, at *6 (W.D. Tex. Sept. 24, 2011) ("[P]laintiff has not provided facts and law sufficient for this Court to conclude that plaintiff has stated a nonfrivolous FCRA claim against the two individuals she names as proposed defendants in her first amended complaint—the alleged CEOs and Presidents of the two entities named as defendants.  Plaintiff has not alleged facts to show either of the individuals had any personal involvement with plaintiff or her credit accounts or law to show that either may be held to be personally liable for the matters of which plaintiff complains."), *rec. adopted*, 2011 WL 13324111 (W.D. Tex. Oct. 31, 2011); *see also Tate v. Dall. Indep. Sch. Dist.*, 2022 WL 272711, at *13 (N.D. Tex. Jan. 10, 2022) (Ramirez, J.) ("Viewing these allegations in the light most favorable to Plaintiff, they are insufficient to support a reasonable inference that Employees were personally involved in

- 10 -

procuring her consumer report or in any decision for employment purposes that adversely affected her.  Without more, her conclusory allegations fail to "nudge[ ] [her] claim[s] across the line from conceivable to plausible.  Because Plaintiff has failed to allege sufficient facts to show that Employees violated §§ 1681b(b)(2), 1681b(b)(3), and 1681m(a), those FCRA claims against them should be dismissed." (citations omitted)), *rec. adopted*, 2022 WL 270859 (N.D. Tex. Jan. 28, 2022) (Boyle, J.); *Watson v. Caruso*, 424 F.Supp.3d 231, 251 (D. Conn. 2019) ("Even reading Plaintiff's submissions liberally, as the Court must, there is no indication that Caruso played any role in 'prepar[ing] a consumer report,' 15 U.S.C. § 1681e(b), or 'furnish[ing] a consumer report for employment purposes,' *id*. § 1681k(a). Therefore, summary judgment is granted with respect to the individual claims against Defendant Caruso." (some citations omitted)).

Accordingly, the court grants defendants' motion with respect to Schulz and dismisses Alessandro's claims against her.

## C

Turning to Alessandro's FCRA claims against Experian, the court holds that Alessandro has failed to plead sufficient factual matter that, accepted as true and viewed in the light most favorable to him, states a claim for relief that is plausible on its face.

## 1

To the extent that Alessandro attempts to plead a claim based on the allegation that Experian violated 15 U.S.C. § 1681b(2) by reporting inquiries, charged off accounts, late payments, or collection accounts without Alessandro's written consent, Alessandro has failed

to state a plausible claim.

Section 1681b provides that a consumer reporting agency may furnish consumer reports under limited circumstances, one of which is "in accordance with the written instructions of the consumer to whom it relates." *See* 15 U.S.C. § 1681b(a)(2). But the statute does not require a consumer's written consent in *all* instances. For example, written consent is not required if a credit report is obtained for a "permissible purpose" set forth in § 1681(b)(a)(3). *See, e.g.*, *Dixon v. Shamrock Fin. Corp.*, 522 F.3d 76, 77 (1st Cir. 2008) ("An entity may gain access to an individual's consumer report only with the written consent of the individual, unless the consumer report is to be used for certain 'permissible purposes,' in which case written consent is not required."); *Jones v. Best Serv. Co.*, 2017 WL 490902, at *8 (C.D. Cal. Feb. 6, 2017) ("[A] credit report can be accessed without a consumer's permission for other 'permissible purposes' under the FCRA."), *aff'd*, 700 Fed. Appx. 580 (9th Cir. 2017) (mem.); *Bentley v. Greensky Trade Credit, LLC*, 156 F.Supp.3d 274, 296 (D. Conn. 2015) ("Users of credit reports do not always need to obtain written instructions from the consumer before pulling a credit report. The statute provides that one circumstance in which credit reports may be obtained legally is 'in accordance with the written instructions of the consumer to whom it relates.' This provision does not apply to every single one of the statute's authorized purposes." (citations omitted)); *Hoge v. Parkway Chevrolet, Inc.*, 2007 WL 3125298, at *6 (S.D. Tex. Oct. 23, 2007) ("A credit report may only be obtained with the consumer's written consent *or for 'permissible purposes.'*" (emphasis added) (citing 15 U.S.C. § 1681b(a))); *Wallace v. Finkel*, 2006 WL 1731149, at *5 (M.D. Ala. June 22, 2006)

("[P]laintiff's consent or knowledge is not required if a report is obtained for a 'permissible purpose' set forth in § 1681b(a)(3). Thus, plaintiff's testimony that defendant obtained the consumer credit report without either her knowledge or consent is insufficient to overcome defendant's motion for summary judgment." (citations omitted)).

Alessandro has not alleged any facts that would permit the court to draw the reasonable inference that Experian furnished his credit report for a purpose that was not "permissible" under the statute. In other words, he has not plausibly alleged that information was shared under circumstances that would require his express consent. *See, e.g.*, *Frazier v. Experian Info. Sols.*, 2023 WL 2920833, at *2 (E.D. Pa. Apr. 12, 2023) ("[T]he mere fact that Experian did not obtain Frazier's written consent prior to furnishing his consumer report does not constitute a violation of Frazier's rights under the FCRA, so long as Experian had a permissible purpose for issuing the report."); *Bultemeyer v. CenturyLink, Inc.*, 2020 WL 6063256, at *3 (D. Ariz. Oct. 14, 2020) ("[L]ack of written permission alone is insufficient to show a FCRA violation."); *Bentley*, 156 F.Supp.3d at 296 ("GreenSky's failure to obtain written instructions from Ms. Bentley before pulling her credit report does not indicate alone that it has violated FCRA.").

Accordingly, the court holds that Alessandro has failed to plausibly allege that Experian violated the FCRA when it reported information on his consumer credit file without his "expressed written consent." Compl. (ECF No. 15) at 2.

2

Alessandro next alleges that he demanded "an investigation and the removal of all

inquiries, negative marks, and accounts in question," and that once the "process of dispute" began, Experian was required under 15 U.S.C. § 1681i(a)(1)(A) to remove the accounts in question pending a "full and complete investigation."  Compl. (ECF No. 15) at 2-3.  But § 1681i(a)(1)(A),[8] which generally describes the reinvestigation a credit reporting agency ("CRA") is required to conduct when a consumer disputes an item in his credit file, does not require a CRA to remove an account during the pendency of a reinvestigation.  A CRA is only required to remove information, "*after* any reinvestigation," if it "*is found to be inaccurate or incomplete or cannot be verified*."  *Id.* § 1681i(a)(5) (emphasis added).  Alessandro has not plausibly alleged that Experian failed to remove from his credit report an item found to be inaccurate, incomplete, or unverifiable.  Nor does he point to any other provision of the FCRA that would require Experian to remove information from his credit report during the reinvestigation process.

---

[8]Section 1681i(a)(1)(A) states:

> Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

15 U.S.C. § 1681i(a)(1)(A).

Accordingly, the court grants defendants' motion for judgment on the pleadings with respect to Alessandro's claim that Experian violated § 1681i(a)(1)(A) by failing to remove "the accounts in question" until after a full and complete investigation.  Compl. (ECF No. 15) at 3.

3

To the extent that Alessandro alleges that Experian violated the FCRA by reporting "excluded" information, including information that is deemed too old or irrelevant to include in a credit report, Alessandro has failed to state a claim on which relief can be granted.  The statutory provision Alessandro cites in his complaint (i.e., "15 U.S.C § 1681a(2)"), does not exist.  To the extent that this is a typographical error and Alessandro intended to plead that Experian violated 15 U.S.C. § 1681c(a) by reporting information excluded from consumer reports, he has failed to plausibly allege any facts that would support the reasonable inference that Experian included information on his credit report that the FCRA prohibited it from including.

4

Alessandro also alleges that "[t]he reporting of any late payments also violated 15 [U.S.C. §] 1666b, which states no payment shall be reported as late on a consumer credit file."  Compl. (ECF No. 15) at 3.  Defendants move for judgment on the pleadings with respect to this claim on the following grounds: 15 U.S.C. § 1666 pertains to credit billing and does not govern CRAs; even if it did apply, § 1666 does not prohibit CRAs from reporting late payments "in as blanket a fashion as Plaintiff would have it," Ds. Br. (ECF No. 44) at

7; and reporting derogatory data is in line with a CRA's obligations under the FCRA, and the statute expressly permits CRAs to report certain categories of negative information.  The court agrees.  Alessandro has failed to plausibly allege a violation of 15 U.S.C. § 1666, and to the extent that he bases his claim on Experian's reporting of late payments, the FCRA expressly permits the reporting of "adverse item[s] of information," provided the information does not antedate the report by more than seven years.  *See* 15 U.S.C. § 1681c(a)(5); *see also Consumer Data Indus. Ass'n v. Frey*, 26 F.4th 1, 11 (1st Cir. 2022) ("[CRA]s may report [adverse information], provided it does not predate the report for more than seven years.").

5

Alessandro's remaining allegations are insufficient to plausibly plead a violation of the FCRA.  He contends, generally, that CRAs are required to maintain procedures to ensure the accuracy of the information in a consumer's credit report; CRAs must investigate any disputed information within a reasonable amount of time; if an investigation reveals that disputed information is inaccurate or incomplete, a CRA must promptly correct or delete the information, which Experian has not done; and when a CRA prepares a consumer report, it must follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.  He then alleges:

> Workers did not examine documents, contact me by phone or email, or exercise any form of human discretion in resolving the disputes, despite numerous attempts I made to try and resolve and correct my consumer file.  So how would one know if the disputes being sent are being properly reviewed and processed? This appears to go against Congress' intent of Informed Use. Therefore, Experian failed to do a proper investigation and did

- 16 -

not follow reasonable procedure[s] to assure accuracy of the consumer report.

Compl. (ECF No. 15) at 3-4.

To the extent that Alessandro is attempting to plead a violation of the FCRA's reinvestigation procedures, which are found in 15 U.S.C. § 1681i, the court has already explained that he has not plausibly pleaded a violation of this provision. *See supra* § III(C)(2). To the extent that he is attempting to plead a violation of 15 U.S.C. § 1681e(b)— which requires that a CRA "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom [a consumer] report relates"—Alessandro has not plausibly alleged that Experian's procedures for ensuring the accuracy of consumer reports are not reasonable. In sum, Alessandro has failed to plausibly plead that Experian violated any provision of the FCRA.

Accordingly, the court grants defendants' motion for judgment on the pleadings with respect to Alessandro's FRCA clams asserted against Experian.[9]

IV

In light of the court's conclusions that Alessandro has failed to plead a plausible claim under the FCRA against Schulz or Experian, the court denies Alessandro's motion for summary judgment and his motion entitled "motion to grant relief and enter default against defendant due to not properly addressing summary judgment" and denies as moot

---

[9]Because Alessandro has failed to plausibly plead any violation of the FCRA, the court need not address the "emotional distress injuries" that Experian's conduct allegedly caused. Compl. (ECF No. 15) at 4.

defendants' request for a conference.

V

Although the court is dismissing Alessandro's amended complaint, it will grant him leave to replead.  It is the practice of this court to afford litigants "at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable."  *See In re Am. Airlines, Inc., Privacy Litig*., 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (quoting *Great Plains Tr. Co.*, 313 F.3d at 329).  Furthermore, in granting leave to replead, the court takes into consideration that Alessandro is proceeding *pro se.  See, e.g.*, *Smallwood v. Bank of Am.*, 2012 WL 32654, at *5 (N.D. Tex. Jan. 6, 2012) (Fitzwater, C.J.) (granting leave to file third amended complaint because plaintiffs were appearing *pro se*).  Because Alessandro has not stated that he cannot, or is unwilling to, cure the defects that the court has identified, the court grants him 28 days from the date this memorandum opinion and order is filed to file a second amended complaint.  Defendants may move anew to dismiss the second amended complaint if they have grounds to do so.

*   *   *

Accordingly, for the reasons explained, the court denies Alessandro's motion to change venue, motion for summary judgment, and "motion to grant relief and enter default

- 18 -

against defendant due to not properly addressing summary judgment." The court grants defendants' motion for judgment on the pleadings under Rule 12(c) and denies as moot defendants' request for a conference. The court permits Alessandro to replead.

     **SO ORDERED**.

     October 2, 2023.

SIDNEY A. FITZWATER
SENIOR JUDGE